UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RHONDA FLEMING,
        Plaintiff,

v.                                          CIVIL ACTION NO._____

JOE KEFFER, Warden FMC Carswell,
ERIC HOLDER, US Attorney General,            **4-10CV-777-A**
BUREAU OF PRISONS,
DEPARTMENT OF JUSTICE,
        Defendants.


### PETITION FOR HABEAS CORPUS AND MANDAMUS RELIEF


TO THE HONORABLE JUDGE OF SAID COURT:

        COMES NOW, Rhonda Fleming, Plaintiff, pro se, on her own
behalf and the behalf of all prisoners held at FMC Carswell, charg-
ed under federal statutes 18 U.S.C., § 1341 through 1348, which are
affected by the recent Supreme Court decision in Skilling v. U.S.,
87 CrL (U.S. 2010).  The Plaintiff requests relief under 28 U.S.C.,
§ 2241, 28 U.S.C., § 1361, and any other federal statute the Court
deems necessary to utilize in granting relief in the present matter.

        The Plaintiff requests the following relief:

1.  An order from this Honorable Court instructing the U.S. Attorney
of Fort Worth to respond within 7 days to this Petition.  A copy of
this pleading has been forwarded to the U.S. Attorney's Office.

2.  An order to be issued to the Defendants instructing the Defend-
ants to review the pre-sentence investigation reports (PSI)of all
prisoners  held at FMC Carswell on convictions under 18 U.S.C.,
§§ 1341 through 1348, pursuant to the Supreme Court's decision in

-1-

Skilling, U.S. v. Hargrove, 579 F.3d 752 (7th Cir. 2008)(vacated in light of Skilling); U.S. v. Black, Lexis 21634 (7th Cir. 2008)(vacated in light of Skilling); U.S. v. Redzic, 569 F.3d 841 (8th Cir. 2009)(vacated in light of Skilling).   Any prisoners found not to have allegations of kickbacks or bribery in the PSI, should be released immediately.

## I.   Jurisdiction

Pursuant to 28 U.S.C., § 1361, this Court has jurisdiction to grant mandamus relief.

Section 1361 states:   "The district courts hall have jurisdiction of any action in nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff".

28 U.S.C., § 2241 allows a district court to grant habeas relief to a federal prisoner challenging the duration of their confinement.

## II.   Background of the Case

The Plaintiff was found guilty in a multi-count indictment, before a jury on April 21, 2009, for the federal offenses of conspiracy, health care fraud, wire fraud and money laundering. Sections 371, 1347, 1343 and 1956.

The Plaintiff received a sentence of 360 months on January 22, 2010.

The Petitioner filed a direct which is still pending before the Fifth Circuit Court of Appeals.

After the Skilling decision in June 2010, the Plaintiff filed §2255 motion with the sentencing court raising a claim

due to facial invalidation of §1346, except if bribery or kick-

backs are alleged.  The district court dismissed the motion due to

a lack of jurisdiction because the direct appeal is before the Fifth

Circuit.  The Skilling/§1346 claim is **not** being considered on direct

appeal.  The Plaintiff's brief was  filed prior to the Supreme

Court's decision.


### III.  Arguments and Authorities

In June 2010, the Supreme Court issued a decision in Skilling

narrowing the scope of Section 1346.  Section 1346 states:

"For the purposes of this chapter [18 USCS §§ 1341 et seq.], the

term "scheme or artifice to defraud" includes a scheme or artifice

to deprive another of the intangible right of honest services."

Section 1346 is a definitional clause which expanded all

fraud statutes to include the object of deprivation of honest

services.

In Skilling, the defendant argued for the Supreme Court to

find §1346 unconstitutional, under the "void-for-vagueness" doctrine

which requires that a "penal statute define the criminal offense

with sufficient definiteness that ordinary people can understand

what conduct is prohibited and in a manner that does not encourage

arbitrary and discriminatory enforcement." Kolender v. Lawson,

461 US 352, 103 S.Ct. 1855 (1983).

The Supreme Court opted to narrow the scope of §1346 to

"criminalize only schemes to defraud that involve bribes and kick-

backs".

After Skilling, the Supreme Court vacated the convictions in Black, Redzic and Hargrove. The commonality in all of the above cases is none of the defendants were charged specifically with §1346. However, the Supreme Court recognized that anytime a defendant is charged under **any** fraud statute they are legally liable for §1346.

In other words, any defendant charged under Sections 1341, 1342, 1343, 1345, 1347 or 1348, for double jeopardy purposes, are put on notice they are legally responsible to defend themselves of two objects: money or property and honest services.

Most defendants, including the Plaintiff, were unaware until the Skilling decision, that they could be held criminally liable for honest services fraud.

In the Plaintiff's indictment and before a jury, the Government presented an honest services theory, under §1347, alleging the Plaintiff failed to provide services for which she received payment through a health care plan. As in Skilling, the Government presented this illegal theory to the jury, who entered a general verdict of guilt.

The Supreme Court decision in Skilling facially invalidates fraud convictions which do not include evidence of bribery or kickbacks. Otherwise, the statute violates a defendant's Fifth Amendment right to due process because it fails to define the prohibited conduct with sufficient specificity.

Based on Skilling, Black, Redzic and Hargrove, the Plaintiff's convictions are not valid and the Defendants should have already released her.

The Plaintiff is requesting injunctive relief for herself and other similarly situated prisoners at FMC Carswell. The Plaintiff's

argument and supporting authorities show that there is a clear
right to the relief sought--the immediate release of the Plaintiff
and any other prisoner at FMC Carswell convicted under any federal
fraud statute.

Section 2241 is the proper vehicle for challenging the dura-
tion of a prisoner's confinement without challenging the underlying
conviction.  See, Bellis v. Davis, 186 F.3d 1092 (8th Cir. 1999)
(challenge to BOP rule excluding certain inmates from eligibility
for early release pursuant to 18 U.S.C., §3621 (e)(2)); Goodman v.
Meko, 861 F.2d 1259 (11th Cir. 1988)(prison officials refuse to re-
lease a prisoner entitled to mandatory release).

The Plaintiff is not challenging her underlying conviction.
The  decision to invalidate her conviction has already been made
pursuant to Skilling.

Decisions of the Supreme Court holding that a substantive
federal criminal statute does not reach certain conduct, like the
decision in Skilling, placing conduct beyond the power of the cri-
minal lawmaking authority to proscribe and/or narrowing the scope
of a statute are automatically retroactive, and require the Defend-
ants to reduce the duration of the Plaintiff's confinement.

The Plaintiff challenges the authority of the United States
Attorney General and the Bureau of Prisons to continue to maintain
her custody in FMC Carswell.

Under §1361, this Court has the jurisdiction to compel an off-
icer or agency of the United States to perform his duty.

The Attorney General and the Bureau of Prisons has a non-
discretionary duty to comply with laws made by the legislative body

-5-

and to comply with the Supreme Court's interpretation of these laws.

For example, in 1995, the Supreme Court held in Bailey v. U.S., 516 US 137, 116 S.Ct. 501, that under §924(c)(1), a conviction for using a firearm requires the Government to show "active employment of the firearm", not mere possession. After this decision, the Attorney General issued a directive to the BOP directing the BOP to review the cases/PSI's of all prisoners held under §924(c)(1) and to release those where the pre-sentence investigation report had no evidence of active employment of the firearm.

Numerous federal prisoners were released under the Bailey decisionby the BOP, without prisoners swarming the courts with §2255's or §2241's.

More recently, in March 2008, Amendment 706, which reduced the base offense level by two points, was made retroactive and again the BOP granted immediate release to hundreds of prisoners held at FMC Carswell. Casemanagers were given a directive from the Attorney General's office, prisoner files were reviewed and subsequently, thousands of prisoners nationwide, were released.

The Defendants have constitutional and statutory duties owed to the Plaintiff and all prisoners at FMC Carswell charged with federal fraud statutes, to process their immediate release.

The Defendants have non-discretionary, ministerial duty to review the PSI's of prisoner records as has been the custom in the two previous described instances.

The Defendant's actions since the Skilling decision have been arbitrary and capricious. There has been a complete failure

-6-

to make a determination as to the Plaintiff's eligibility to be released due to Skilling.

The Defendants, based on previous actions have set a precedent and the prisoners at FMC Carswell have a vested liberty interest based on previous treatment received by other similarly situated prisoners.

Pursuant to Title 28 U.S.C., Judicial Organization of the Department of Justice, Subpart K--Criminal Division, the Attorney General has the following function assignedto and shall be conducted, handled or supervised by the Asst. Attorney General, Criminal Division:  (o)  Resolving questions that arise as to Federal prisoners held in custody by Federal officers or in Federal Prisons ...concerning validity and construction of sentences, probation and parole.

Clearly, the Defendants, collectively under the Department of Justice have a duty to resolve this matter.

Some prisoners have filed Section 2241 petitons and the Government's only argument has been that these prisoners were not charged under §1346.

This is a baseless argument.  In Hargrove, Black and Redzic, none of the defendants were charged in their indictments with §1346, however, their convictions have been vacated.

The U.S. Attorney's Office has the option to seek new indictments against defendants.  In the meantime, the extended duration of the Plaintiff's confinement borders on false imprisonment.

In Long v. Parker, 390 F.2d 816, 819 (3rd Cir. 1968), the

-7-

appellate court upheld the mandamus jurisdiction under §1361 for prisoners challenging the treatment by the BOP.

The BOP's current refusal to review prisoner PSI's and reduce the burden on prisoners and the court's requires the extraordinary power of the writ.

There is no other adequate remedy for the Plaintiff. In July and August 2010, requests were sent for grievances. No grievances were provided. Even if a grievance had been provided, Casemanager Frazier and Counselor Neblet stated no action would be taken because they had received no directive from the Department of Justice's Office of Information, Policy and Public Affairs or the Office of Legislative Affairs, compelling a review of PSI's to effect the release of prisoners.

No timely or potentially effective administrative remedy exists without a directive from the Attorney General's Office or the Director of the BOP.

### IV.   Conclusion

The Plaintiff and other prisoners have a right to be released from the custody of the BOP if there are no allegations of bribery or kickbacks in their PSI's, pursuant to Skilling.

The failure of the Defendants to perform their non-discretionary duty has extended the unconstitutional duration of confinement of more than 100 prisoners held at FMC Carswell.

The Plaintiff requests that she be immediately released from the custody of the BOP.

Respectfully Submitted,

Rhonda Fleming, Plaintiff
October 12, 2010

-8-

#20446-009
FMC Carswell
P.O. Box 27137
Ft. Worth, TX 76127


### CERTIFICATE OF SERVICE

A copy of the same has been sent to the U.S. Attorney's
Office, 801 Cherry Street, #4, Ft. Worth, Texas 76102, on the same
day by U.S. Mail

Rhonda Fleming

10-12-10

Dear Clerk :

please file the enclosed pleading. I have filed the necessary form for the prison to send $5⁰⁰ for the filing fee.

Thank You

Name _Kenneth Fleming_
Reg. No. _20446-009_
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

KATE SMITH

FORT WORTH TX 760

US DIST COURT RM 314
NORTHERN DIST COURT
FT WORTH DIVISION
2010 OCT 14  AM 10: 29

⟨⟩20446-009⟨⟩
United States Dist Clerk
Attn: US Clerk
501 West Tenth Street
FORT Worth, TX - 76102
United States